IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| UNITED STATES OF AMERICA | § | |
| --- | --- | --- |
| | § | |
| V. | § | |
| | § | No. 3:19-cr-296-L |
| ROBERT ELMER KERR, | § | |
| | § | |
| Defendant. | § | |

## **MEMORANDUM OPINION AND ORDER OF DETENTION**

In an Order Accepting Report and Recommendation of the United States Magistrate Judge Concerning Plea of Guilty, dated February 25, 2020, United States District Judge Sam A. Lindsay has referred this matter to the undersigned United States magistrate judge for a hearing to determine whether it has been clearly shown that there are exceptional circumstances under 18 U.S.C. § 3145(c) why Defendant Robert Elmer Kerr should not be detained under 18 U.S.C. § 3143(a)(2) and whether it has been shown by clear and convincing evidence that Defendant Robert Elmer Kerr is not likely to flee or pose a danger to any other person or the community if released under 18 U.S.C. § 3142(b) or (c). *See* Dkt. No. 25.

### **Background**

Mr. Kerr is set for sentencing before Judge Lindsay on July 6, 2020. *See* Dkt. No. 26. "[W]hether a defendant should be released pending trial and whether a defendant should be released pending sentencing or appeal are distinct inquiries governed by different provisions of the Bail Reform Act." *United States v. Lee*, 31 F. App'x 151, No. 01-30876, 2001 WL 1747632, at *1 (5th Cir. Dec. 4, 2001).

-1-

On July 2, 2019, the undersigned United States magistrate judge released Mr. Kerr subject to an Order Setting Conditions of Release. *See* Dkt. No. 6.

"The provisions of 18 U.S.C. § 3143 govern release pending sentencing or appeal." FED. R. CRIM. P. 46(c). 18 U.S.C. § 3143(a)(2) dictates that the Court "shall order that a person who has been found guilty of an offense in a case described in subparagraph (A), (B), or (C) of subsection (f)(1) of section 3142 and is awaiting imposition or execution of sentence be detained unless – (A)(i) the judicial officer finds there is a substantial likelihood that a motion for acquittal or new trial will be granted; or (ii) an attorney for the Government has recommended that no sentence of imprisonment be imposed on the person; and (B) the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to any other person or the community." 18 U.S.C. § 3143(a)(2).

Mr. Kerr filed an Opposed Motion for Continued Pretrial Release, in which he identifies the exceptional circumstances under 18 U.S.C. § 3145(c) that he contends justify his continued release post-conviction and in which he addresses whether he is likely to flee or pose a danger to any other person or the community if released under 18 U.S.C. § 3142(b) or (c) pending sentencing. *See* Dkt. No. 28.

The government filed a response in opposition. *See* Dkt. No. 29.

The Court held a hearing on March 10, 2020 on the matters referred by Judge Lindsay, at which Mr. Kerr appeared in person and through counsel and the government's counsel appeared.

**Legal Standards and Analysis**

As a preliminary matter, Mr. Kerr is subject to presumptively mandatory detention under Section 3143(a)(2) because he has, on a guilty plea, now been adjudged guilty of a violation of 18 U.S.C. § 2252A(a)(2). *See* Dkt. Nos. 18 & 25. That is "an offense in a case described in subparagraph (A) ... of subsection (f)(1) of section 3142," specifically, "a crime of violence" as defined in 18 U.S.C. § 3156(a)(4)(C), as a "felony under chapter ... 110."

Mr. Kerr therefore must be detained under 18 U.S.C. § 3143(a)(2) unless he meets the conditions of release set forth in Section 3143(a)(2) or 18 U.S.C. § 3145(c).

Release of "a person who has been found guilty of an offense in a case described in [18 U.S.C. § 3142(f)(1)(A)] and is awaiting imposition or execution of sentence" requires that "the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to any other person or the community." 18 U.S.C. § 3143(a)(2)(B); *see also United States v. Morrison*, 833 F.3d 491, 506 (5th Cir. 2016) ("The decision to detain Jacqueline after conviction is a common one because of the presumption in favor of detention that attaches to a convicted defendant. *See* 18 U.S.C. § 3143."); *United States v. Lopez,* 504 F. App'x 297, 298 (5th Cir. 2012) ("A defendant who has been convicted 'shall ... be detained' pending sentencing 'unless the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released.' Thus, there is a presumption against release pending sentencing." (footnotes omitted)).

As the United States Court of Appeals for the Fifth Circuit has repeatedly

recognized, Federal Rule of Criminal Procedure 46(c) and Section 3143(a)(1) impose a burden on a convicted defendant seeking release pending sentencing to show by clear and convincing evidence that he is not a flight risk or a danger to the community. *See* 18 U.S.C. § 3143(a)(1); FED. R. CRIM. P. 46(c) ("The burden of establishing that the defendant will not flee or pose a danger to any other person or to the community rests with the defendant."); *United States v. Lockett*, 549 F. App'x 269 (mem.), No. 13-11097, 2013 WL 6623771, at *1 (5th Cir. Dec. 17, 2013).

Further, Mr. Kerr must meet the conditions of release set forth in Section 3143(a)(2)(A) or 3145(c).

Mr. Kerr cannot, and does not claim that he can, satisfy the Section 3143(a)(2)(A) showing that there is a substantial likelihood that a motion for acquittal or new trial will be granted or that an attorney for the government has recommended that no sentence of imprisonment be imposed on Mr. Kerr.

18 U.S.C. § 3145(c) provides that "[a] person subject to detention pursuant to [18 U.S.C. §] 3143(a)(2) or (b)(2), and who meets the conditions of release set forth in [18 U.S.C. §] 3143(a)(1) or (b)(1), may be ordered released, under appropriate conditions, by the judicial officer, if it is clearly shown that there are exceptional reasons why such person's detention would not be appropriate." As reflected in the Report and Recommendation Concerning Plea of Guilty [Dkt. No. 24], Section 3145(c) provides an alternative basis for pre-sentencing release under "exceptional circumstances," so long as Mr. Kerr also makes the required showing under Sections 3143(a)(1) and 3143(a)(2)(B) – that is, by clear and convincing evidence that Mr. Kerr is not likely to

flee or pose a danger to the safety of any other person or the community if released under 18 U.S.C. § 3142(b) or 3142(c) pending sentencing. *See United States v. Carr*, 947 F.2d 1239, 1240 (5th Cir. 1991).

The Court finds that Mr. Kerr has made the required showing that he is not likely to flee or pose a danger to the safety of any other person or the community if continued on release. As Mr. Kerr explains in his motion:

> 5. Mr. Kerr owns his own home.
> 6. Mr. Kerr has been a member of this community for more than X years.
> 7. Mr. Kerr is stable, is employed as a tv and radio producer for year.
> 8. Mr. Kerr is not a flight risk. Counsel believes that the USPO can attest to this.
> 9. Nor is Mr. Kerr a threat to the community, anyone else or himself.
> 10. Mr. Kerr has been 100% compliant with all the Court's conditions of pre-trial release.
> 11. Mr. Kerr has been interviewed by the United States Probation Officer for the Pre-Sentence Report.
> ...
> Here Kerr poses no risk of flight. He has been under indictment since June 19, 2019. (ECF, 1). Kerr has made no effort to flee and has remained compliant with this Court's instructions relating to pretrial release. For the same reason, Kerr does not pose a threat to himself or to any other person or to the community. This Court has not had any reason, since Kerr's arrest to consider whether Kerr posed a threat to the community or to himself. Accordingly, this Court should find, that, by clear and convincing evidence, that Kerr is not a threat to himself, to others or to the community.
> ....
> (1) [Mr. Kerr] has been on pretrial release for months and has done exceptionally well; [and] (2) while on pretrial release, Mr. Kerr maintained employment and also performed excellently in his job. This Court permitted to travel to Amarillo for a wedding and he strictly complied with all of the Court's admonishments and stipulations concerning that one-time trip. Additionally, the Court has imposed an ELM as a condition of release. Mr. Kerr has been 100% compliant with his monitor and the curfew imposed by the Court.

Dkt. No. 28 at 2, 3, 7-8.

But that alone does not support Mr. Kerr's release pending sentencing. Rather, the issue of Mr. Kerr's presentencing release therefore turns on whether "it is clearly shown that there are exceptional reasons why [Mr. Kerr's] detention [pending sentencing] would not be appropriate." 18 U.S.C. § 3145(c). In support of that showing, Mr. Kerr explains that,

> (1) he has been on pretrial release for months and has done exceptionally well; (2) while on pretrial release, Mr. Kerr maintained employment and also performed excellently in his job. This Court permitted to travel to Amarillo for a wedding and he strictly complied with all of the Court's admonishments and stipulations concerning that one-time trip. Additionally, the Court has imposed an ELM as a condition of release. Mr. Kerr has been 100% compliant with his monitor and the curfew imposed by the Court.
> 
> 33. And as the *Kaquatosh* court further observed, "even if the defendant is bound to be sent to prison (even for a substantial period), the unique factual circumstances of his case could make immediate detention inappropriate." [*United States v. Kaquatosh*, 252 F. Supp. 2d 775, 778 (E.D. Wis. 2003).]
> 
> 34. Finally, the *Kaquatosh* court concluded by observing that "Section 3145(c) was intended to provide 'an avenue of relief from the mandatory detention provisions' of the Bail Reform Act…It provides district courts considerable discretion…(it) does not require that both 'legal' and 'factual' grounds exist before release may be ordered. Nor does it preclude releasing a defendant based on 'purely personal circumstances….'" In fact, 18 U.S.C. § 3145(c) requires only that the district court find that the defendant's situation is sufficiently unique to make detention pending sentencing inappropriate, so the court may make the finding based on "legal" reasons, "factual" reasons, or a combination of both.
> 
> 35. Here, Mr. Kerr has shown both "legal" and "factual" reasons justifying continued pretrial release.

Dkt. No. 28 at 7-8.

At the March 10, 2020 hearing, Mr. Kerr's counsel also proffered that Mr. Kerr has been voluntarily and successfully attending weekly sex offender counseling sessions while voluntarily abstaining from the personal use of computers and that his supervising pretrial services officer would testify that he has had no issues with

-6-

supervising Mr. Kerr.

The United States Court of Appeals for the Fifth Circuit has explained that the "exceptional reasons" provision "was added to § 3145(c) with the mandatory detention provisions of § 3143(a)(2) and (b)(2) and was apparently designed to provide an avenue for exceptional discretionary relief from those provisions." *Carr*, 947 F.2d at 1240.

The United States Court of Appeals for the Second Circuit offers a working definition of "exceptional reasons": "a unique combination of circumstances giving rise to situations that are out of the ordinary." *United States v. DiSomma*, 951 F.2d 494, 497 (2d Cir. 1991). That court also explained that, in assessing reasons proffered as the basis for release under Section 3145(c), "a case by case evaluation is essential." *Id.*

The United States Court of Appeals for the Eighth Circuit has similarly explained that "'exceptional' means 'clearly out of the ordinary, uncommon, or rare.'" *United States v. Little*, 485 F.3d 1210, 1211 (8th Cir. 2007) (citation omitted).

And one court has explained that, "to avoid emasculating the mandatory detention statute[,] 'exceptional reasons review is limited to determining whether remanding the defendant to custody until sentencing would be tantamount to subjecting individuals to unjust detention.'" *United States v. Thomas*, No. 10-cr-229, 2010 WL 3323805, at *2 (D.N.J. Aug. 20, 2010) (quoting *United States v. Christman*, 712 F. Supp. 2d 651, 655 (E.D. Ky. 2010)).

District courts in this circuit have noted a variety of circumstances that do not rise to the level of exceptional. *See United States v. Cyrus*, No. 10-0228-04, 2010 WL 5437247, at *1-*2 (W.D. La. Dec. 27, 2010) (need to "secure his home and attend to

-7-

other personal matters" were not exceptional reasons justifying release pending sentencing); *United States v. Douglas*, 824 F. Supp. 98, 99-100 (N.D. Tex. 1993) (defendant's cooperation with the government that subjected him to potential retaliation by co-defendants and his attempts at rehabilitation did not constitute exceptional reasons); *United States v. Dempsey*, No. 91-098, 1991 WL 255382, at *1-*2 (E.D. La. Nov. 19, 1991) (poor health, emotional and mental problems, and need to properly prepare his business and his family for his long absence were not exceptional circumstances); *United States v. Scott*, No. 1:95-CR-80-1, 1995 WL 723752, at *1-*2 (E.D. Tex. Nov. 22, 1995) (need to assist parent was a purely personal reason that was no more exceptional than those routinely rejected by courts); *see also United States v. Landry*, No. CR 15-32-JWD-SCR, 2015 WL 5202458, at *2-*4 (M.D. La. Sept. 4, 2015); *United States v. Posada*, 109 F. Supp. 3d 911, 912-16 (W.D. Tex. 2015).

The facts that Defendant urges as exceptional circumstances, including his compliance with his conditions of pretrial release, are certainly commendable. But the Court determines – as have many other courts when presented with similar arguments for presentencing release – that Defendant's proffered reasons for continuing his release are not, in and of themselves or taken together, a unique combination of circumstances giving rise to a situation that is out of the ordinary.

Under Section 3145(c), a defendant who is compliant with his release conditions and doing everything that he should is – however commendable – not so out of the ordinary and, in that sense, "exceptional" among defendants who are on release at the time that they are found guilty – that is, who have not violated their pretrial release

conditions and already been revoked – as to justify an exception to Section 3142(a)(2)'s rule of mandatory detention. *See generally United States v. Bernard*, No. 1:12-cr-00022-JAW-02, 2013 WL 145582, at *2 (D. Me. Jan. 14, 2013) ("One way of thinking about compliance with the terms of pretrial release and a lack of significant criminal history is that they make out a necessary but not sufficient showing for release under § 3145(c).").

And many other courts have concluded that most proffered reasons for continuing release – including the reasons that Defendant offers here – are not, in and of themselves or taken together, a unique combination of circumstances giving rise to a situation that is out of the ordinary. *See United States v. Velarde*, 555 F. App'x 840, 841 (10th Cir. 2014) (noting that "'the cases establish that mere personal reasons, including caring for a family or gainful employment, are not 'exceptional'" (quoting *United States v. Miller*, 568 F. Supp. 2d 764, 774 (E.D. Ky. 2008) (collecting cases))); *United States v. Nickell*, 512 F. App'x 660, 661 (8th Cir. 2013) (finding that a defendant's taking care of his children and remaining gainfully employed did not constitute exceptional reasons); *United States v. Mahoney*, 627 F.3d 705, 706 (8th Cir. 2010) ("It is well settled that compliance with the terms of pretrial release is commendable but does not justify release under section 3145(c)."); *Little*, 485 F.3d at 1211 ("It is not exceptional to expect every defendant to timely appear in court and to obey the court's order concerning pretrial conditions of release."); *United States v. Larue*, 478 F.3d 924, 925 (8th Cir. 2007) (concluding that a defendant's release pending sentencing was improper because "compliance with the terms of his pretrial release,

his lack of a criminal record, his payment of child support, and his ongoing employment are commendable, but they are not are not clearly out of the ordinary, uncommon, or rare" (citation and internal quotation marks omitted)); *United States v. Lea*, 360 F.3d 401, 403-04 (2d Cir. 2004) ("There is nothing 'exceptional about going to school, being employed, or being a first-time offender, either separately or in combination.'"); *United States v. Mostrom*, 11 F.3d 93, 95 (8th Cir. 1993) (holding that "compliance with pretrial supervision and gainful employment up until the date of sentencing are not, in and of themselves, 'exceptional reasons why such person's detention would not be appropriate'").[1]

---

[1] *See also United States v. Posada*, 109 F. Supp. 3d 911, 915-16 (W.D. Tex. 2015) ("Similarly, none of Posada's reasons rise to an 'exceptional' level. Notably, the question presented is whether there are any 'exceptional reasons' in the case which would permit Posada to escape the otherwise mandatory requirement of § 3143(a)(2) – that he be immediately confined following sentencing for the qualifying offense he committed. It is his burden to show that 'exceptional reasons' exist why his detention would be inappropriate, not why his release would be appropriate. Each of his proffered reasons may, on its own, be an appropriate reason for release, but none is an 'exceptional reason' for why his detention would be inappropriate given the statutory mandate. Each reason involves a purely personal matter that individually, and in combination, is no more out of the ordinary and no more unique than those of other persons subject to detention. It is a natural, if unfortunate, byproduct of the criminal justice system that one's personal affairs will be disrupted and that others beyond the defendant, most likely family, will feel the effects of his incarceration. *See United States v. Scott*, No. 1:95-CR-80-l, 1995 WL 723752, at *2 (E.D. Tex. Nov. 22, 1995) (finding that the need to assist an infirm parent did not demonstrate an 'exceptional reason' because 'a defendant's incarceration regularly creates difficulties for him and his family' (quoting *United States v. Mahabir*, 858 F. Supp. 504, 508 (D. Md.1994))). However, this does not alter the personal nature of those effects and disruptions. That the government does not oppose the relief sought and that Posada has complied with all of the terms of his pretrial release are also unremarkable and unexceptional reasons. In regards to the latter, the Court expects all individuals who avail themselves of pretrial release to comply with the conditions of their bond. That Posada has done so is commendable, but it is not an

In light of Section 3142(a)(2)'s mandate, the facts that a defendant has been compliant and behaved commendably on release – as Mr. Kerr undisputedly has here – and that he may be likely to continue to comply with his release conditions do not amount to exceptional reasons why his detention pending sentencing would not be appropriate – or, put another way, why remanding him to custody until sentencing would be unreasonable or tantamount to subjecting him to unjust detention.

Mr. Kerr's successful participation in long-term counseling, while also commendable, likewise does not, standing alone or in combination with his other proffered reasons, qualify as such clearly out of the ordinary, uncommon, or rare circumstances as to justify continued release under Section 3145(c). In essence, Mr. Kerr asserts that his need for counseling and the success so far of his sex offender treatment are so extraordinary as to make presentencing detention inappropriate because it would preclude another several weeks or months of counseling that will further advance that successful therapy and would hamper Mr. Kerr in using that success at sentencing.

Those are worthy goals, but, after carefully considering counsel's arguments, the Court finds that Mr. Kerr has not shown that his circumstances are so different from those other similarly situated defendants, including those convicted of a child

---

exceptional reason to delay his detention. In fact, Posada has already enjoyed the fruits of his labor by remaining out on bond while his case was pending. As to the former, like the other reasons Posada advances, the government's non-opposition is a reason why release would be appropriate, but not a reason why his immediate detention would be inappropriate in light of Congress' explicit preference for immediate detention.").

pornography offense, who also may wish to continue therapy and show the sentencing judge progress on release up to the point of the hearing, as to constitute exceptional reasons why Defendant should not be detained pending sentencing in the face of the legal presumption that he should be. *See, e.g.*, *United States v. Brown*, 368 F.3d 992, 993 (8th Cir. 2004) ("As to the district court's desire that Brown remain in treatment pending assignment, we agree with the courts that have held that a defendant's participation in a treatment program is not an extraordinary reason, and we disagree with the courts that have held to the contrary." (citations omitted)); *cf. Jones v. United States*, No. 5:08-CR-290-FL-1, 2011 WL 6780786, at *4 (E.D.N.C. Dec. 27, 2011) ("None of the purportedly 'exceptional' circumstances identified by petitioner – the supposed non-violent character of his particular crime of violence, his cooperation with authorities, his procurement of psychiatric counseling, or his desire to continue his efforts to provide care for his children – constitute circumstances which the court would deem exceptional.").

**Conclusion**

Accordingly, the Court finds that it has not been clearly shown that there are exceptional circumstances under 18 U.S.C. § 3145(c) why Defendant Robert Elmer Kerr should not be detained under 18 U.S.C. § 3143(a)(2), and so Defendant Robert Elmer Kerr must be detained pending sentencing.

It is therefore ORDERED that Defendant Robert Elmer Kerr be committed to the custody of the Attorney General and United States Marshal for further proceedings.

It is ORDERED that Defendant Robert Elmer Kerr, while being so held, be afforded reasonable opportunity for private consultation with counsel.

Further, at the end of the March 10, 2020 hearing, the Court denied Mr. Kerr's oral request to stay this order and his remand to custody pending his appeal to Judge Lindsay. The Court did so in light of authority from the United States Court of Appeals for the Fifth Circuit requiring that, in the context of release or detention under 18 U.S.C. § 3143(a)(1) and Federal Rule of Criminal Procedure 32.1(a)(6) pending a supervised release revocation hearing, a defendant who has been ordered released by a magistrate judge will, on a motion to stay a release order pending appeal to the district judge, remain in custody pending the appeal to the district judge:

> Brigham's second challenge concerns the magistrate judge's order that Brigham be released from custody pending further proceedings. Rule 32.1(a)(6) allows a magistrate judge to release or detain a person subject to a revocation proceeding pursuant to provisions of the Bail Reform Act, 18 U.S.C. § 3141, *et seq*. Section 3145 of that Act authorizes review of a release order by the district court. Brigham, however, maintains that the district court had no authority to stay his release pending that review.
> ....
> Brigham correctly argues that § 3145 does not expressly authorize a stay. Nevertheless, as previously discussed with regard to review of the dismissal order, given that the issue being reviewed involves a person's release from custody pending further legal proceedings, the absence of stay authority could render the district court's review power illusory. Specifically, if the district court disagrees with the magistrate judge's determination regarding release versus detention, but no stay is in place, the person in question may have harmed the community or disappeared by the time the district court's ruling is rendered and detention is ordered.

*United States v. Brigham*, 569 F.3d 220, 229-30 (5th Cir. 2009). Analogously, where Mr. Kerr is subject to presumptively mandatory detention under 18 U.S.C. § 3143(a)(2)

because he has been convicted of a violation of 18 U.S.C. § 2252A(a)(2), the undersigned determines that, once the undersigned has on Judge Lindsay's order of reference determined that Mr. Kerr has not clearly shown that there are exceptional circumstances under 18 U.S.C. § 3145(c) why he should not be detained under 18 U.S.C. § 3143(a)(2), it would be inappropriate for Mr. Kerr to remain on release pending Judge Lindsay's resolution of his appeal, which – if successful – will still, without a stay of his remand to custody, permit Mr. Kerr's release pending sentencing. Similarly but again analogously, even a defendant who is appealing a magistrate judge's pretrial release or detention order under 18 U.S.C. § 3142 remains in custody – despite the absence of a conviction and the presence of the presumption of innocence – because the status quo under 18 U.S.C. § 3142(f) is temporary custody while the motion for detention is pending. *See* 18 U.S.C. § 3142(f).

SO ORDERED.

DATED: March 10, 2020

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE