**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| v. | § | Criminal Action No. **3:19-cr-296-L** |
| | § | |
| **ROBERT KERR** | § | |

**MEMORANDUM OPINION AND ORDER**

Before the court is Defendant Robert Kerr's ("Defendant") Motion for Continued Pretrial Release[1] ("Motion") (Doc. 32), filed March 24, 2020. After careful consideration of the Motion, response, reply, record, and applicable law, the court **denies** Defendant's Motion for Continued Pretrial Release.

**I.      Factual and Procedural Background**

On February 4, 2020, Defendant pled guilty to Receipt of Child Pornography in violation of 18 U.S.C. § 2252A(a)(2), pursuant to a plea agreement (Doc. 18). On February 26, 2020, United States Magistrate Judge David Horan ordered Defendant to file a motion to continue pretrial release. *See* Doc. 27. Defendant filed the required motion (Doc. 28) on March 6, 2020, and the Government filed its response (Doc. 29) on March 10, 2020. After considering the parties' briefing and arguments at the March 10, 2020 detention hearing, Magistrate Judge Horan denied Defendant's Motion to Continue Pretrial Release (Doc. 28) and ordered him detained. In supporting his decision, Magistrate Judge Horan acknowledged that Defendant had been compliant with his pretrial release conditions, but he also determined that, while Defendant's behavior had been commendable, he did not clearly show that there were exceptional circumstances under 18

---

[1] Based on the posture of this action, the court considers Defendant's Motion as a Motion to Revoke the United States Magistrate Judge's Detention Order (Doc. 31) and will rule on it accordingly.

U.S.C. § 3145(c)[2] as to why he should not be detained under the mandate provided in 18 U.S.C. § 3143(a)(2).[3] For those reasons, Defendant was committed to the custody of the United States Marshal until his sentencing hearing on July 6, 2020.

On March 24, 2020, Defendant filed the present Motion, requesting that he be placed back on pretrial release due to the COVID-19 health crisis. The Government filed its response in opposition the same day, and Defendant filed his reply on March 26, 2020.

## II.  Discussion

Defendant seeks to revoke Magistrate Judge Horan's Detention Order due to the COVID-19 pandemic and requests that this court reinstate his pretrial release. Specifically, he contends that "[p]re-sentencing detention poses a continuing health risk to [Defendant], in part, because the conditions of his confinement require him to be in close proximity with guards and other inmates, limit[s] his ability to practice 'Social Distancing,' and even limits his ability to wash his clothes

---

[2] 18 U.S.C. § 3145(c) provides in pertinent part:

> A person subject to detention pursuant to section 3143(a)(2) or (b)(2), and who meets the conditions of release set forth in section 3143(a)(1) or (b)(1) may be ordered released, under appropriate conditions, by the judicial officer, if it is clearly shown that there are exceptional reasons why such person's detention would not be appropriate.

[3] 18 U.S.C. § 3143(a)(2) provides:

> (2) The judicial officer shall order that a person who has been found guilty of an offense in a case described in subparagraph (A), (B), or (C) of subsection (f)(1) of section 3142 and is awaiting imposition or execution of sentence be detained unless—

> (A)
>   (i) the judicial officer finds there is a substantial likelihood that a motion for acquittal or new trial will be granted; or

>   (ii) an attorney for the Government has recommended that no sentence of imprisonment be imposed on the person; and

> (B) the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to any other person or the community.

Section 3142(f)(1)(E), includes "any felony that is not otherwise a crime of violence that involves a minor victim," which includes Defendant's offense of Receipt of Child Pornography. See 18 U.S.C. § 3142(f)(1)(E).

and his hands, all while exposing him to a rotating population of inmates and guards." Def.'s Mot. 2. Additionally, he acknowledges that no exceptional circumstances warranted continuation of his pretrial release at the time of the detention order on March 10, 2020; however, he asserts that "circumstances have changed significantly with the declaration of a public health disaster from the COVID-19 pandemic." *Id.* at 3.

In support of his assertion, he contends that the global COVID-19 pandemic is the definition of "extraordinary" and distinguishes this case from those relied on by the Magistrate Judge to detain him. Moreover, he asserts that, despite the Magistrate Judge's rationale for detention, his continued detention: (1) poses a grave risk to him, as "it is almost a certainty that an outbreak of COVID-19 will occur in [his] facility[,]" and "[w]hen COVID-19 infects [his] unit, the already burdened medical system will likely be unable to respond to his immediate medical needs" (*Id.* at 11); and (2) poses a grave risk to the community because "[t]he more people [that] remain detained in detention facilities, the greater likelihood of an unchecked outbreak of COVID-19 within our detention facilities and jails." *Id.* For these reasons, Defendant requests that he be released and placed back on pretrial conditions until his July 2020 sentencing hearing.

In response, the Government asserts that Defendant's Motion is not based "on any errors of fact or law, but rather on the speculative prospect of a COVID-19 outbreak at a facility where he is being detained." Gov't Resp. 1. It further asserts, "Defendant's speculation is both unsubstantiated and unwarranted, and at least one district court has already rejected this type of argument[.]" *Id.* (citing *United States v. Martin*, No. PWG-19-140-13, 2020 WL 1274857, at *3 (D. Md. Mar. 17, 2020). Thus, according to the Government, Defendant's Motion should be denied.

In supporting its assertion, the Government contends that: (1) Defendant has not provided an exceptional circumstance as to why detention is not appropriate pursuant to 18 U.S.C. § 3145(c); and (2) Bureau of Prison ("BOP") officials have established comprehensive measures to avoid and address a COVID-19 infection, if necessary; and (3) the existence of COVID-19 does not justify releasing Defendant. Moreover, the Government asserts that, "Defendant's speculative concerns [regarding a COVID-19 outbreak] should not be able to trump the careful balance of factors prescribed by Congress in determining whether he is properly subject to pretrial detention." *Id.*

The Government also highlights that courts have generally recognized that it is rare that health conditions present an exceptional reason for release, as reasonably necessary treatments are available in prison. *See id.* (citing out-of-jurisdiction cases) (citations omitted). Thus, the Government contends that, in light of the precautions and efforts of BOP officials to address a possible COVID-19 issue, Defendant has failed to make a factual record that his potential medical needs cannot be met during detention. Moreover, it asserts that awarding Defendant's requested relief would cause a flood of other similar, generic requests. Thus, for the reasons presented, the Government asserts that Defendant's Motion should be denied.

In his Reply (Doc. 34), Defendant reiterates the arguments asserted in his Motion and acknowledges that COVID-19 has not yet reached the detention center. He contends, however, that he seeks a continuance of pretrial release *before* it reaches the facility. He also refers to a *Dallas Morning News* article titled: "Texas [P]risons [H]old [P]otential for [C]oronavirus [D]isaster, with [E]lderly [I]nmates [M]ost at [R]isk" to suggest that his age makes this an exceptional circumstance warranting release. Pl.'s Reply 2, at Ex. 1.

After careful consideration of the parties' assertions, the court finds Defendant's assertions unpersuasive. As the Government notes, Defendant makes no assertion that Magistrate Judge

Horan incorrectly applied 18 U.S.C. § 3145(c). Moreover, while the COVID-19 health crisis has certainly created an unprecedented and extraordinary situation, Defendant has not demonstrated why his speculative concern about an outbreak arises to an exceptional circumstance as contemplated under Section 3145(c). Nonetheless, Defendant asserts that his age presents an exceptional circumstance supporting his release because his continued detention poses a health risk to him and the community.

District courts have already rejected arguments similar to Defendants under similar circumstances and often cite to the *Martin* case, highlighted by the Government, in support of their denial of motions to revoke because of COVID-19. *See United States v. Adams*, No. DKC 19-257-003, 2020 WL 1457916, at *1 (D. Md. Mar. 25, 2020) (rejecting the defendant's arguments that COVID-19 concerns and his age warranted release despite detention under 18 U.S.C. § 3143(a)(2)); *see also United States v. Morris*, No. 17-107(01), 2020 WL 1471683, *3-4 (D. Minn. Mar. 26, 2020) (rejecting the defendant's COVID-19 concerns due to his poor health and age, as he was detained under 18 U.S.C. § 3143(a)(2) and failed to present an exceptional reason for release under 18 U.S.C. § 3145(c)).

While the above-referenced cases are not binding on this court, it finds them persuasive, given their factual similarities to the present case. Similar to *Adams* and *Morris*, Defendant cites his age as an exceptional circumstance given the potential of a COVID-19 outbreak in his facility and his increased vulnerability to the virus. Defendant is 50 years of age. While he may be older than the typical defendant in federal court, he does not fall within the category of persons who are at an increased risk of contracting COVID-19. The court understands that no age group is immune to COVID-19, but all health and scientific information that this court has read and researched shows that persons over 60 years of age are the most vulnerable and at greater risk of contracting

COVID-19.[4] As Defendant's age falls well below the threshold for an increased risk of contracting COVID-19, the court finds his argument unavailing. Moreover, Defendant makes no assertion, unlike the defendant in *Morris*, that he has an underlying health condition that makes him more susceptible to contracting COVID-19 than other detainees in the event of an outbreak. Even had he made such assertion, the court is not convinced that it would be sufficient, without more, to meet his burden under Section 3145(c).

Defendant also fails to demonstrate that his concerns raise an exceptional circumstance as to him in particular. While the court understands Defendant's concerns during these trying times, the fear of a COVID-19 outbreak at his facility is not unique to the prison population, as virtually any person confined at a jail or prison would have the same concerns. Instead, he relies on the speculative assertion that a COVID-19 outbreak is likely to occur at his facility without any particularized evidence to support that assertion. Any detainee would be exposed to the same risk that Defendant presents, and, as other courts have also concluded, the court cannot not release every detainee who may be at risk of contracting COVID-19, as it would then be required to release *all* detainees. *See e.g. United Stated v. Fitzgerald*, No. 2:17-cr-00295-JCM-NJK, 2020 WL 1433932, at *2 (D. Nev. Mar. 24, 2020) ("Defendant's argument applies equally to every detainee in detention; however, the Court cannot release every detainee at risk of contracting COVID-19 because the Court would then be obligated to release every detainee.").

The court has conducted an independent review of Magistrate Judge Horan's Detention Order, and concludes that his Order denying Defendant's continued pretrial release was correctly decided. Accordingly, without more than what Defendant has presented, the court rejects Defendant's arguments and determines that he has failed to meet his obligation to demonstrate an

---

[4] As the information regarding which age group of persons is at greater risk for contracting COVID-19 cannot be reasonably disputed, the court takes judicial notice of this fact pursuant to Federal Rule of Evidence 201.

exceptional circumstance exists that warrants his release under 18 U.S.C. § 3145(c). The court, therefore, **denies** Defendant's Motion for Continued Pretrial Release (Doc. 32).

     **It is so ordered** this 31st day of March, 2020.

Sam A. Lindsay
United States District Judge